FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 1 - 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------X

In Re: DAVID HESTER-BEY,

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-3903 (CBA)(LB)

----------------------------------X

Amon, Chief United States District Judge:

On June 13, 2014, plaintiff Hester-Bey, then-incarcerated at the California Department of Corrections and Rehabilitation's Correctional Training Facility located in Soledad, California, commenced this pro se action. Instead of filing the complaint and requisite filing fee or request to proceed in forma pauperis necessary to initiate an action, Hester-Bey submitted a series of rambling letters to the Court. (ECF No. 3, 4, 7, 8, 9.) Although the Court notified him of the deficiency and twice provided him with the instructions, required forms and time to comply with the procedural requirements to begin an action, Hester-Bey failed to do so. (See ECF No. 1, 6.) Because of his repeated failure to heed the Court's instructions, an Order was issued on September 8, 2014 dismissing this action without prejudice. (ECF No. 10.)

On November 3, 2014 and November 10, 2014, the Court received letters from Hester-Bey requesting that this action be re-opened and enclosing an application to proceed in forma pauperis. (ECF No. 14, 15.) The Court construes the November 3 and November 10, 2014 letters as a motion to re-initiate this action. Hester-Bey's motion is granted, however, before this action may proceed, Hester-Bey must file a suitable complaint as described below. If he does not do so within 30 days of the entry of this Order on the Court's docket, the action will be construed as only

1

raising claims against U.S. Marshal Donaruma related to Hester-Bey's arrest and arraignment in September of 2013.

## DISCUSSION

### I. Liberal Reading of Pro Se Pleadings

A court must construe a pro se litigant's pleadings liberally, Erickson v. Pardus, 551 U.S. 89, 94 (2007), especially when those pleadings allege civil rights violations, Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). The Court adopts "a permissive application of the rules governing the form of pleadings," Sealed Plaintiff, 537 F.3d at 191, and grants "reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training," Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

However, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); McNeil v. United States, 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Even for a pro se plaintiff, failure to file a complaint that satisfies the requirements of Rule 8 justifies dismissal where it would "undermine the purpose of notice pleading [ ]or prejudice the adverse party." Phillips v. Girdich, 408 F.3d 124, 128, 130 (2d Cir. 2005).

### II. Illegal Arrest and Arraignment Claims

Rule 8 of the Federal Rules of Civil Procedure requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

It is not enough for a plaintiff to merely accuse a defendant of wrongdoing, instead he must provide sufficient facts to "nudge[] [his] claims . . . across the line from conceivable to plausible." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Simply put: supporting facts are required and "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not do. Id.

Although Hester-Bey's numerous and jumbled filings raise a laundry list of claims, as far the Court can determine the only allegations even potentially viable in this Court are the claims related to his September 2013 arrest and arraignment. Specifically, Hester-Bey alleges on September 12, 2013 at around 6:30 a.m., U.S. Marshal Jesse Donaruma, along with other unspecified Marshals and N.Y.P.D. officers arrested him without a warrant at an apartment in Harlem[1] for violating probation related to a previous California conviction. (ECF No. 1, Ex. 2.) He further alleges that the arresting officers refused to show him a warrant after the arrest, despite repeated requests, and that although they showed him "some sort of paper" at the police station, he was not permitted to read it. (Id.) With respect to his arraignment, Hester-Bey claims that the officers waited too long to conduct the arraignment and did not bring him before a judge until September 14, 2013.[2]

Hester-Bey attempts to raise a multitude of other claims in his rambling filings. In those allegations, however, he fails to specifically identify the individual he wishes to sue or the facts

---

1 It is unclear whether Hester-Bey resided at that apartment or was merely a visitor.
2 Additionally, Hester-Bey claims that the prosecutor, his defense lawyer, the officers and the judge violated his rights by ordering his extradition to California in violation of the law governing such transfers. (See ECF No. 1, Ex. 2.) That claim fails since the officials personally involved in the extradition process—the prosecutor who requested it and the judge who ordered it—are each shielded by absolute immunity in their official roles. See Stump v. Sparkman, 435 U.S. 349, 357-58 (1978) (judicial immunity); Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1149 (2d Cir. 1995) (prosecutorial immunity).

3

supporting his claim, or both. The Court need not wade into the morass of material in an attempt to divine every possible claim. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988); Murphy v. Equifax Info., No. 12-CV-6409 (NGG)(VMS), 2013 WL 6562860, at *2 (E.D.N.Y. Dec. 13, 2013) ("A pro se plaintiff is not entitled to shift responsibility for pleading and arguing his case to the court."); see also Morales v. New York, No. 13-CV-2586 (NSR), 2014 WL 2158979, at *5 (S.D.N.Y. May 22, 2014) ("[P]rolix, unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit.") (citation omitted). Instead, the proper course in such a case is to grant leave to re-plead and provide Hester-Bey with another chance to make out a coherent claim. See Salahuddin, 861 F.2d at 43.

Therefore, if Hester-Bey wishes to continue this action on grounds beyond the purportedly illegal arrest and arraignment or raise those claims against individuals other than Marshal Donaruma, he must provide an amended complaint that sets forth a short and plain statement of the facts related to those complaints. In order to put the potential defendants on notice of the claims against them, the complaint must, at minimum, (1) identify the defendants, (2) provide facts sufficient to make the claims plausible, and (3) state the relief he requests. See Iqbal, 556 U.S. at 668. To aid Hester-Bey in the preparation of a complaint that complies with the Federal Rules, the Clerk of Court is again directed to send to Hester-Bey a sample civil rights complaint form and instructions.

### III. Procedural Requests

In addition to his numerous allegations, Hester-Bey's most recent letter requests that (1) the Court re-open Hester-Bey v. New York City Technical College, No. 98-cv-5129 (E.D.N.Y.) and (2) transfer all his pending matters to Judge Matsumoto. Both requests are denied.

First, Judge Sifton previously rejected Hester-Bey's motion to re-open the New York City Technical College case on March 24, 2000. N.Y.C. Tech. Coll., DE # 35. More than twelve years later, on December 4, 2012, Judge Gershon again denied Hester-Bey's request to re-open that case. Id., DE # 40. The Second Circuit denied Hester-Bey's motion for in forma pauperis and dismissed the appeal of that order on November 1, 2013. Id., DE # 45. Since Hester-Bey provides no reason to reconsider those previous orders—and since any such request would be untimely—the Court rejects his third attempt to re-open that long-closed case.

Second, because Hester-Bey provides no reason to justify transfer of this case to Judge Matsumoto, his request is denied.

## IV. Claims that May Not Be Raised in this Court

Finally, the Court takes this opportunity to reiterate to Hester-Bey that certain claims he repeatedly raises in his letters cannot be brought in this Court. To the extent Hester-Bey's previous letters raised the claims described below; the Court dismisses them and denies leave to replead because any amendment raising those claims would be futile. The Court warns Hester-Bey that if he continues to raise those claims in future filings, they will be dismissed as frivolous.

First, as Judge Bloom made clear in her September 30, 2014 Order (ECF No. 13), this Court is not the proper venue in which to raise claims concerning his California sentence calculation or conditions of confinement, nor state law claims of legal malpractice.[3]

---

[3] Hester-Bey's attempt to frame his complaints of malpractice in a New York personal injury action as violations of the Sixth Amendment fails. (See, e.g., ECF No. 13, Ex. 1.) Since the representation he points to took place in a civil matter, the habeas cases he relies upon are inapposite. More fundamentally, the Sixth Amendment by its very terms applies only to criminal cases and "does not govern civil cases." Turner v. Rogers, 131 S. Ct. 2507, 2516 (2011).

Second, this Court lacks the power to determine whether any decisions of the California or New York state courts were made in error. See Kropelnicki v. Siegel, 290 F.3d 118, 129 (2d Cir. 2002) ("Rooker-Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling."). If Hester-Bey believes that a state court decision is incorrect, he must appeal the decision or otherwise request relief from the relevant state court. See id.

Third, this Court cannot consider a habeas challenge to Hester-Bey's confinement in California because California prisons are beyond the jurisdiction of this district. See Rumsfeld v. Padilla, 542 U.S. 426, 442-45 (2004). If Hester-Bey wishes to mount such a challenge, he must do so in California. Id.

Finally, an action for damages based on his confinement is not available because Hester-Bey has failed to "establish[] the unlawfulness of his conviction or confinement . . . on appeal or on habeas." Heck v. Humphrey, 512 U.S. 477, 498 (1994).

## CONCLUSION

Hester-Bey's motion to re-open this case is granted. The Court affords Hester-Bey 30 days to submit an adequate complaint in this action. That complaint must: (1) provide a short and plain statement of the facts, (2) identify the defendants, (3) explain how each defendant purportedly violated Hester-Bey's rights and (4) request relief. It is not necessary to cite case law in the complaint. If the identity of certain officers or other potential defendants is unknown to Hester-Bey he may raise a claim against "John Doe" or "Jane Doe," as appropriate, and

---

Hester-Bey identifies no other provision that would open the doors of federal court to his New York state malpractice claim and the Court is aware of none. Accordingly, any claim regarding Hester-Bey's dissatisfaction with the representation provided by counsel in Hester –Bey v. Abdalla, No. 20039/2011 (N.Y. Sup. Ct.) may not be brought in this Court.

provide a detailed description of that person. The Clerk of Court is respectfully requested to again send Hester-Bey a sample civil rights complaint form.

For the reasons stated above, the Court instructs Hester-Bey that his complaint may not include: (1) claims related to the conditions of his California confinement or his sentence calculation; (2) state law malpractice claims related to Hester –Bey v. Abdalla; (3) claims that California or New York courts erred; (4) a claim for habeas relief related to his California confinement; or (5) a damages claim related to his purportedly illegal confinement or conviction in California. If Hester-Bey fails to file an amended complaint within 30 days of entry of this Order, the Court will construe his complaint as solely raising a Bivens claim against Marshal Donaruma related to his arrest and arraignment.

Hester-Bey's requests to re-open the New York City Technical College case and transfer all of his pending cases to Judge Matsumoto are denied.

The Court instructs Hester-Bey that any correspondence with the Court must be made in writing and filed with the Clerk of Court pursuant to the Local Rules for the Eastern District of New York and the Court's individual rules. Hester-Bey shall not contact this Court or the chambers of any judge in this district by telephone.[4] Violation of this Order may result in a finding of contempt with appropriate sanctions. See, e.g., 18 U.S.C. § 401(1), (3).

---

[4] The Court's individual rules prohibit telephone calls except in "emergency situations requiring immediate attention." Rule 2(B). The individual rules for Judge Matsumoto and Magistrate Judge Bloom likewise prohibit parties from contacting chambers by telephone except in emergency situations. See Individual Rules of Judge Matsumoto Rule 3(C); Individual Rules of Magistrate Judge Bloom Rule 1(B). To be clear: the fact that Hester-Bey has not yet received a response to one of his numerous letters, is unhappy with a response he did receive or wishes to raise other issues pertaining to his current confinement in California do not constitute emergencies.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December  / , 2014
       Brooklyn, New York

/S/ Chief Judge Carol Bagley Amon
_____
Carol Bagley Amon
Chief United States District Judge