UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DAVID HESTER-BEY,

               Plaintiff,

-against-

U.S. MARSHAL JESSE DONARUMA,
SUPERVISORY DEPUTY U.S. MARSHAL
JOSEPH PITRUZZELLO, DEPUTY U.S.
MARSHAL GREGORY MAPP, DEPUTY U.S.
MARSHAL MIGUELINA GUZMAN, DEPUTY
U.S. MARSHAL JAMES RICHARDSON,
DEPUTY U.S. MARSHAL WILLIAM COSTA,
and SPECIAL DEPUTY U.S. MARSHAL/TASK
FORCE OFFICER JOHN FOGELMAN,

               Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-3903 (CBA) (LB)

**AMON, United States District Judge:**

Pro se plaintiff David Hester-Bey brings this Bivens action against the United States Marshals and a Special Deputy Marshal/Task Force Officer ("Defendants") involved in his September 2013 arrest and arraignment. He alleges that he was arrested without probable cause, in violation of his Fourth Amendment right to be free from unreasonable seizures and his Fifth Amendment right to due process. Additionally, he alleges due process violations stemming from delays in his state-court arraignment proceedings and violations of the Uniform Criminal Extradition Act. Defendants have moved to dismiss or, alternately, for summary judgment, arguing that Hester-Bey fails to substantiate a claim for relief against the Defendants. For the following reasons, Defendants' motion for summary judgment is granted.

## BACKGROUND

On June 25, 2014, Hester-Bey filed his original complaint. (D.E. # 1 ("Compl.").) He alleged that his constitutional rights were violated as a result of his September 2013 arrest for

1

violating his parole relating to a first-degree burglary conviction in California. (See id.) In addition to alleging that Defendants arrested him without probable cause, Hester-Bey made general allegations that he was denied due process and that delays in his state-court arraignment proceedings violated his constitutional rights. (See id.)

On September 8, 2014, the action was dismissed without prejudice due to failure to comply with this Court's Order to submit: (1) either the filing fee or a request to proceed in forma pauperis; and (2) a complaint that complies with Federal Rule of Civil Procedure 8. (See D.E. # 10.) On December 1, 2014, however, the Court issued a Memorandum and Order granting leave to re-open this action and providing Hester-Bey with the opportunity to file an amended complaint raising claims relating to his arrest and arraignment. (See D.E. # 16.)

Hester-Bey filed an amended complaint on December 15, 2014. (D.E. # 19 ("Am. Compl.").) The amended complaint alleges that Defendants arrested Hester-Bey in September 2013 without a warrant and that he was held for two days after his arrest before being arraigned in state court. (Id. at 2.) Hester-Bey also asserts violations of the Uniform Criminal Extradition Act for extraditing him from New York to California without having the "executive authority" to do so. (Id. at 4.)

In violation of the Court's December 1, 2014 Order, Hester-Bey's amended complaint included an emotional distress claim and an Eighth Amendment claim for cruel and unusual punishment challenging the length of the prison term imposed and the conditions in the prison facilities. (See, e.g., id.) As a result, on June 23, 2015, this Court issued a Memorandum and Order which ruled that "this action may proceed solely as to the claim against U.S. Marshal Donaruma and the other U.S. Marshals and N.Y.P.D. Officers involved in Hester-Bey's

September 2013 arrest and arraignment." All other claims and defendants were dismissed as frivolous or for failure to state a claim on which relief may be granted. (See D.E. # 16.)

Defendants now move to dismiss or, alternately, for summary judgment on these remaining claims. (See D.E. # 65.)

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When the moving party relies upon materials that are not incorporated, attached, or integral to the complaint, the Court must either exclude those materials or, under Federal Rule of Civil Procedure 12(d), convert the motion to one for summary judgment pursuant to Federal Rule of Civil Procedure 56 with notice to all parties and an opportunity to present supporting materials. Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000). If the Court converts the motion to one for summary judgment, it must determine whether there is a genuine dispute as to any material fact. See Fed. R. Civ. P. 56. The Court "resolve[s] all ambiguities and draw[s] all reasonable inferences in favor of the party against whom summary judgment is sought, with the burden on the moving party to demonstrate the absence of any material fact genuinely in dispute." Victory v. Pataki, 814 F.3d 47, 58 (2d Cir. 2016). A court will grant a party's motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## DISCUSSION

Defendants move to dismiss or, alternatively, for summary judgment, on three grounds. They argue: (1) there was probable cause for Hester-Bey's arrest based on a warrant issued by a

California state court; (2) the alleged delays in state-court proceedings are of no constitutional significance and do not directly involve the Defendants, who were acting as federal employees at the time; and (3) the Defendants are entitled to qualified immunity.

I. **Conversion to Motion for Summary Judgment**

Defendants submit materials outside of the pleadings in support of their motion to dismiss, or, motion for summary judgment. To consider this evidence, the Court must convert Defendants' motion into a motion for summary judgment. Friedl, 210 F.3d at 83. Converting the motion to one for summary judgment pursuant to Federal Rule of Civil Procedure 56 is proper when all parties have received notice and an opportunity to present supporting materials. Id. "Pro se parties must have 'unequivocal' notice of the meaning and consequences of conversion to summary judgment." Hernandez v. Coffey, 582 F.3d 303, 307–08 (2d Cir. 2009) (quoting Beacon Enters., Inc. v. Menzies, 715 F.2d 757, 767 (2d Cir. 1983)). That burden was met here.

Defendants provided Hester-Bey with a copy of the relevant rule and an accompanying explanation of the expectations for a pro se litigant opposing a Rule 12 motion supported by matters outside of the pleadings, (see D.E. # 65-1, "Notice Pursuant to L. Civ. R. 12.1"), which this Circuit has deemed sufficient for purposes of satisfying the notice requirement. See Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996) ("[W]e have indicated that an easily comprehensible notice from the party moving for summary judgment would suffice."). Moreover, after receiving the text of the rule and explanation, Hester-Bey subsequently submitted several attachments along with his reply in opposition to Defendants' response, (see D.E. # 67), further indicating that he understood the consequences of a conversion. See, e.g., In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985) ("A party cannot complain of lack of a

4

reasonable opportunity to present all material relevant to a motion for summary judgment when both parties have filed exhibits, affidavits, counter-affidavits, depositions, etc. in support of and in opposition to a motion to dismiss."). Defendants' motion to dismiss is therefore converted to a motion for summary judgment.

The Court will consider the additional materials submitted by both parties. Specifically, the declaration of Rukhsanah L. Singh, Assistant U.S. Attorney, (D.E. # 65-5 ("Singh Decl.")), and the declaration of James Elcik, Assistant Chief Deputy of the United States Marshals Service of the United States Department of Justice, (D.E. # 65-6 ("Elcik Decl.")), as well as the accompanying exhibits that Defendants submitted. Included within Singh's declaration is an excerpt of a minute order, (Singh Decl., Ex. 1), and an excerpt from a purported Probation Officer's Report, (id., Ex. 2), both concerning the revocation of Hester-Bey's probation stemming from his November 2005 first-degree burglary conviction in the matter of State of California v. David Hesterbey. Elcik's declaration provides a Report of Investigation for Hester-Bey's arrest dated September 17, 2013, (see Elcik Decl., Ex. A), as well as a certified copy of a bench warrant dated May 12, 2006 and issued by the Superior Court of California, County of Los Angeles, for Case No. LA049967, in the matter of The People of the State of California v. David Hesterbey, (see id., Ex. B). The Court will also consider the attachments Hester-Bey submitted along with his opposition papers, (see D.E. # 67), which appear to be copies of court records relating to the matter of The People of the State of California v. David Hesterbey that Hester-Bey annotated, as well as additional materials which he claims support his allegations of forgery and a false judgment.

## II. Bivens Claims

Hester-Bey raises a series of claims against federal employees involved in his September 2013 arrest. (See Am. Compl.)[1] An individual plaintiff may bring a claim against federal officials, in their individual capacities, for conduct violating the United States Constitution pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 338 (1971). See Atterbury v. U.S. Marshals Serv., 805 F.3d 398, 403 (2d Cir. 2015). "To maintain a Bivens action, a plaintiff must allege a violation by a federal official of a clearly established constitutional right for which the federal official does not have immunity." Nelson v. Hernandez, 524 F. Supp. 2d 212, 219 (E.D.N.Y. 2007) (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). Here, when construed in the light most favorable to him, Hester-Bey's complaint asserts claims: (A) under the Fourth Amendment for false arrest, (B) under the Fifth Amendment for unspecified due process violations incident to his arrest, (C) for delayed arraignment in state-court criminal proceedings, and (D) under the Uniform Criminal Extradition Act for violations of extradition proceedings.

### A. Fourth Amendment Claim for False Arrest

Hester-Bey brings claims under the Fourth Amendment based on his allegation that the Defendants arrested him without probable cause. (See Am. Compl. at 1.) The Fourth Amendment provides the right of an individual "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizure." U.S. Const. amend. IV. A false arrest claim

---

[1] Hester-Bey also raises claims pursuant to 42 U.S.C. § 1983, which provides a claim for relief only against defendants who act "under color of state law." Plaintiff fails to state a claim under § 1983 because Defendants are all federal employees, and thus were not acting under color of state law. See Aikman v. Cty. of Westchester, 691 F. Supp. 2d 496, 499 (S.D.N.Y. 2010) (finding that "§ 1983 claims improperly filed against federal employees are routinely interpreted as properly pleaded under Bivens"). U.S. Marshals are federal agents. Special Deputy Marshals are local agents who are deputized as federal agents pursuant to their participation in federal Task Forces, and thus are considered to be "acting in the capacity of a federal employee" for purposes of federal tort liability, so must be sued under Bivens rather than § 1983. Id. at 498.

rests on the rights guaranteed by the Fourth Amendment. See Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996).

"Claims for false arrest, whether brought under § 1983, pursuant to Bivens, or under state law, are analyzed pursuant to the same standards as the applicable state law's false arrest tort." Nzegwu v. Friedman, 605 F. App'x. 27, 29 (2d Cir. 2015). "Under New York law, 'to prevail on a claim of false arrest a plaintiff must show that (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" Id. (quoting Jocks v. Tavernier, 316 F.3d 128, 134–35 (2d Cir. 2003)). The confinement is "otherwise privileged" if probable cause exists at the time of the arrest. See id. Thus, the existence of probable cause "is an absolute defense to a false arrest claim." Standsbury v. Wertman, 721 F.3d 84, 89 (2d Cir. 2013) (quoting Torraco v. Port Auth. of N.Y. & N.J., 615 F.3d 129, 139 (2d Cir. 2010)).

"The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers, or may require a trial if the facts are in dispute." Weyant, 101 F.3d at 852 (internal citations omitted). A presumption of probable cause exists where the plaintiff was arrested pursuant to a warrant issued by a neutral magistrate. See Walczyk v. Rio, 496 F.3d 139, 155–56 (2d Cir. 2007).

Considering the facts in the light most favorable to Hester-Bey, Defendants had probable cause to arrest him. Hester-Bey contends that the Defendants lacked probable cause because: (1) the Defendants failed to act pursuant to a valid warrant;[2] (2) the Defendants did not provide him with a copy of the alleged warrant; and (3) he was not on probation at the relevant time. The Court finds these arguments unpersuasive.

---

[2] Plaintiff took issue with the fact that the warrant in question was a bench warrant rather than a probation violation warrant. (See D.E. # 67 ("Pl. Reply") at 3–4.) This argument, however, is without merit. See Cal. Penal § 978.5(b) ("The bench warrant may be served in any county in the same manner as a warrant of arrest.").

7

First, Defendants were aware of, and relied upon, a bench warrant issued by the Superior Court of California at the time of the 2013 arrest. (See Elcik's Decl., Ex. A.)[3] The fact that the warrant was recalled and re-issued on August 30, 2007, (see id., Ex. B), and was not previously discovered when Hester-Bey was on numerous occasions arrested by N.Y.P.D. officers because of "slight discrepancies in the inputted" National Criminal Information Center data, (id., Ex. A), does not genuinely call into question its validity at the time of the September 2013 arrest. See Ackerson v. City of White Plains, 702 F.3d 15, 19–20 (2d Cir. 2012) ("In deciding whether probable cause existed for an arrest, we assess 'whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest.'" (quoting Jaegly v. Couch, 439 F.3d 149, 153 (2d Cir. 2006))). Since Hester-Bey has not provided any factual allegations that would demonstrate that the warrant was facially invalid, the Court finds that Hester-Bey fails to successfully rebut the presumption of probable cause created by the warrant. See, e.g., United States v. Leon, 468 U.S. 897, 923 (1984).

Second, the arresting officers' failure to provide Hester-Bey with a copy of the warrant does not affect its validity. See Bender v. Alvarez, No. 06-CV-3378, 2009 WL 112716, at *6 (E.D.N.Y. Jan 16, 2009) (rejecting plaintiff's "argument that the warrant was 'fake' because he was not shown a copy of it" and finding that plaintiff's complaint could not survive dismissal on the allegation that the defendants should have given him a copy of the warrant upon entry of his premises). Therefore, it was entirely appropriate for the Defendants to rely on the facially valid bench warrant and there is no reason for the Court to question its validity on this basis.

Third, the allegations that Hester-Bey was not on probation and was never informed that he had to appear at any probation-related hearing are unsubstantiated. Defendants introduced

---

[3] A California court may issue a bench warrant for arrest "whenever a defendant fails to appear in court as required by law." Cal. Penal § 978.5(a). The certified copy of the bench warrant provides that it was issued for "possible violation of probation" after Hester-Bey failed to appear at the hearing on May 12, 2006. (See Elick Decl., Ex. B.)

8

documents relating to Hester-Bey's 2005 first-degree burglary conviction that read as follows: "defendant placed on formal probation for a period of 005 years," (see Singh Decl., Ex. 1), and evidence showing that the bench warrant was originally issued on May 12, 2006 for "possible violation of probation," (see Elick Decl., Ex. B). Hester-Bey challenges the allegation that he was on probation at the time of the 2013 arrest. The fact that the five-year probation period had elapsed by 2013 is irrelevant, as the bench warrant was issued in response to an alleged violation occurring in 2006, when Hester-Bey was on probation. Hester-Bey fails to put forth any evidence proving that he was not on probation at the time of the alleged violation for which the warrant was issued.

Therefore, Defendants had probable cause to arrest Hester-Bey on September 12, 2013.

### B. Fifth Amendment Claim for Due Process Violations

Hester-Bey purports to bring claims under the Fifth Amendment based on allegations that the Defendants denied him due process at the time of the arrest. (See D.E. # 62 ("Pl. Opp.") at 2.) Although "[a] Bivens remedy is not available for all who allege injury from a federal officer's violation of their constitutional rights," this Circuit has allowed for a Bivens remedy for Fifth Amendment due process claims in some instances. Turkmen v. Hasty, 789 F.3d 218, 234–36 (2d Cir. 2015) (concluding that a Bivens remedy was available for the plaintiffs' Fifth Amendment substantive due process and equal protection claims).

The Due Process Clause of the Fifth Amendment has been interpreted to include a "substantive component guarding the individual against 'the exercise of power without any reasonable justification in the service of a legitimate governmental objective.'" Lombardi v. Whitman, 485 F.3d 73, 78–79 (2d Cir. 2007) (quoting Cty. of Sacramento v. Lewis, 523 U.S. 833, 845–46 (1998)). "In order to establish a violation of a right to substantive due process, a

plaintiff must demonstrate not only government action but also that the government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Pena v. DePrisco, 432 F.3d 98, 112 (2d Cir. 2005) (quoting Lewis, 523 U.S. at 847 n.8). Likewise, in a suit brought to enforce procedural due process rights, "a court must determine (1) whether a property interest is implicated, and, if it is, (2) what process is due before the plaintiff may be deprived of that interest." Nnebe v. Daus, 644 F.3d 147, 158 (2d Cir. 2011).

Even construed liberally based on Plaintiff's pro se status, Hester-Bey's due process allegations are meritless. Hester-Bey's due process claim is based on the same allegations of false arrest which serve as the foundation of his Fourth Amendment claim. Hester-Bey has failed to demonstrate how the Defendants' act of arresting him pursuant to a valid warrant was "so egregious" as to "shock the contemporary conscious" or that the well-established processes surrounding this type of arrest could have "erroneous[ly]" deprived him of his liberty. See Mathews v. Eldridge, 424 U.S. 319, 335 (1976); see also, e.g., Harris v. Cty. of Nassau, 581 F. Supp. 2d 351, 357 (E.D.N.Y. 2008) ("Where, as here, probable cause has been clearly established, there can be no claim for denial of either the procedural or substantive right to due process."). No reasonable jury could find that Hester-Bey has substantiated his due process claims.

### C. Delayed Arraignment Claim

Hester-Bey's complaint may also be construed to assert a claim that Defendants violated his due process rights, based on an alleged two-day delay in the New York state-court arraignment proceedings following his September 2013 arrest. (See Am. Compl. at 1–2.) He argues that "[a]ll of the defendants name[d] in this complaint violated my constitutional rights. And had personal involvement." (Id. at 5.) The Court rejects this argument for two reasons.

First, although Hester-Bey properly alleged that Defendants were acting under color of federal law, within the scope of their positions as U.S. Marshals, he failed to set forth any factual basis for his allegation that the Defendants had any role in the alleged *state* court delay. "A plaintiff bringing a claim under Bivens must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority." Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006); Nelson, 524 F. Supp. 2d at 226 ("[A] Bivens plaintiff must show that the defendant participated directly or was personally responsible for the actions which are alleged to have caused the constitutional deprivation."). Without establishing that the Defendants were directly or personally responsible for Hester-Bey allegedly waiting two days following his arrest to be arraigned by a New York state court, no reasonable jury could find that Hester-Bey has satisfied the requirements for a Bivens remedy under these circumstances.

Second, even if the Defendants were personally responsible for the alleged delay, Hester-Bey has failed to identify "an alleged constitutional injury" that may serve as the basis for a Bivens claim. McGowan v. United States, 825 F.3d 118, 123 (2d Cir. 2016). "[A] delay in arraigning a state defendant is not, in itself, a constitutional violation . . . ." Holmes v. Scully, 706 F. Supp. 195, 202 (E.D.N.Y. 1989).

### D. Uniform Criminal Extradition Act Claim For Violations Of Extradition Proceedings

Plaintiff also purports to raise a claim under the Uniform Criminal Extradition Act, alleging that Defendants arrested him without proper documentation, (see Am. Compl. at 3), and extradited him without having the "executive authority" to do so, (id. at 4).

Defendants, however, merely arrested Hester-Bey and then surrendered him to the custody of the New York state court system. (D.E. # 65-4 ¶ 8.) Hester-Bay was subsequently extradited by the State of New York to the State of California, where he stood accused of

11

violating his probation. (Id. ¶¶ 9–10.) Because the State of New York was responsible for Hester-Bay's extradition (and in any event, the Uniform Criminal Extradition Act does not apply to the federal government, see Wilson v. Fenton, 684 F.2d 249, 252 (3d Cir. 1982)), Hester-Bey cannot show that these federal Defendants were involved in—or violated his rights in regard to—his extradition to California. See Thomas, 470 F.3d at 496.

Hester-Bey's basic contention is that he was improperly arrested and charged with a probation violation, which the Court has already found to be meritless. Therefore, Hester-Bey's claim under the Uniform Criminal Extradition Act fails.[4]

## CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment on all of the Plaintiffs' claims is granted. The Clerk of Court is directed to enter judgment accordingly. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 368 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: March 23, 2017
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge

---

[4] Because none of Hester-Bey's claims assert a constitutional violation, the Court need not reach Defendants' alternative defense of qualified immunity. See Lombardi, 485 F.3d at 78 ("The threshold [qualified immunity] inquiry is . . . whether the complaint alleges the violation of a constitutional right.")